IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
TRACY BOZEMAN,                   )
                                 )
     Plaintiff,                  )
                                 )    CIVIL ACTION NO.
     v.                          )     2:14cv1042-MHT
                                 )         (WO)
THE CITY OF OPP, ALABAMA,        )
OPP UTILITIES DEPARTMENT,        )
and THE UTILITIES BOARD OF       )
THE CITY OF OPP,                 )
                                 )
     Defendants.                 )
```

OPINION

This cause is before the court on the joint motion to approve a settlement between plaintiff Tracy Bozeman and defendants City of Opp, Opp Utilities Department, and the Utilities Board of the City of Opp.  The court held an on-the-record conference call on the motion on this date.  For the reasons that follow, the settlement will be approved.

Plaintiff Bozeman alleged that the defendants violated several federal statutes that regulate the workplace, including the Equal Pay Act, 29 U.S.C.

§ 206(d).  The Equal Pay Act is codified as part of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.  Bozeman's Equal Pay Act claim sought damages for unpaid wages.

Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  <u>Brooklyn Savings Bank v. O'Neil</u>, 324 U.S. 697, 706 (1945).  The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full.  29 U.S.C. § 216(c); <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-53 (11th Cir.1982); <u>see also</u>

Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b), the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as "a stipulated judgment." Lynn's Food Stores, 679 F.2d at 1354-1355 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," id. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

In this case, there are bona fide disputes over FLSA provisions, namely whether Bozeman and a similarly situated male comparator performed "equal work on jobs the performance of which require[d] equal skill, effort, and responsibility, and which [were] performed under similar working conditions," as is required for recovery under the statute. 29 U.S.C. §§ 206(d)(1), 216.

4

After speaking with Bozeman and reviewing the settlement agreement, the court finds that the settlement is a fair and reasonable resolution of these bona fide disputes and that Bozeman knowingly and voluntarily entered into the settlement. Bozeman will receive $ 25,000 from the defendants, and she will release the defendants from any claims and causes of action that she has or could have against them up to the date of settlement, including claims arising from her employment. Under the terms of her contingency-fee agreement, Bozeman's counsel will be paid half of her award, that is, $ 12,500, and this amount will cover any costs that Bozeman's attorneys have incurred in filing and prosecuting this action. Upon consideration of Bozeman's testimony and the court's knowledge of the facts and circumstances of this case, the court will approve the settlement.

An appropriate judgment will be entered.

DONE, this the 25th day of June, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE